UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE |
| | : | NO. 3:08-cr-126 (JCH) |
| v. | : | |
| | : | |
| JOHNNY RODRIGUEZ | : | MAY 1, 2012 |
| | : | |

**RULING RE: DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (DOC. NO. 44)**

The defendant, Johnny Rodriguez, seeks a reduction in his 140 month sentence pursuant to Amendment 750 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). See Motion for Reduction of Sentence (Doc. No. 44). For the following reasons, the Motion is denied.

This court originally sentenced Mr. Rodriguez on December 29, 2008, in connection with his conviction for possession with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Judgment (Doc. No. 33). The Presentence Report ("PSR") prepared by the United States Probation Office detailed four controlled purchases that a confidential informant made from Mr. Rodriguez, as well as the results of a search conducted at the time of Mr. Rodriguez's arrest. See PSR (Doc. No. 36-3) ¶¶ 17-21. The total quantity of cocaine base recovered as a result of these purchases and search was 288.5 grams. See id. Accordingly, the PSR assigned Mr. Rodriguez a base offense level of 32,[1] which, after a three-point reduction for acceptance of responsibility, yielded a total adjusted offense level of 29. Id. ¶¶ 29, 35, and 36. The PSR further found that Mr.

---

[1] At the time of sentencing, a base offense level of 32 was applicable to offense conduct involving 150 to 500 grams of cocaine base.

1

Rodriguez had 17 criminal history points, putting him in a Criminal History Category VI. Id. ¶ 55.  The PSR concluded that Mr. Rodriguez was subject to a sentencing range of 151 to 188 months.  Id. ¶ 94.

At the time of sentencing, this court adopted the factual findings of the PSR. Sentencing Transcript (Doc. No. 491) at 4.  The court did not, however, adopt the PSR's guideline calculation, because it found that Mr. Rodriguez's criminal history qualified him for "career offender" status.  Id. at 10, lines 15-20.  The court concluded that the applicable guideline range was 262 to 327 months.  Id.

The court then departed from this range to accept the parties' binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C).  Id. at 24.  Like the PSR, the binding plea agreement had specified a base offense level of 32 and a total adjusted offense level of 29, but the agreement assumed Mr. Rodriguez fell into a Criminal History Category V and, thus, specified a guideline range of 140 to 175 months.  Plea Agreement (Doc. No. 36-2) at 4.  After accepting the binding plea agreement, the court sentenced Mr. Rodriguez to 140 months' imprisonment.  Sentencing Tr. at 24.

Section 3582(c)(2) provides that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  Further, the relevant Sentencing Commission policy statement provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) to a term

that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

The court agrees with Mr. Rodriguez that, under the Supreme Court's decision in Freeman v. United States, his sentence should be considered "based on" the sentencing range specified in the binding plea agreement rather than the range calculated by the court prior to accepting the agreement. See Freeman, 131 S. Ct. 2685, 2698 (2011) (Sotomayor, J., concurring) ("When a [Rule 11(c)(1)(C) agreement] explicitly employs a particular Guidelines sentencing range to establish the terms of imprisonment, the agreement itself demonstrates the parties' intent that the imposed term of imprisonment will be based on that range, as required for sentence reduction under the statute."); see also United States v. Rivera-Martinez, 665 F.3d 344, 348 (1st Cir. 2011) (holding that Justice Sotomayor's concurrence is the controlling opinion in Freeman because it "delineates the narrowest grounds on which at least five Justices agree"). Accordingly, if a defendant with a Criminal History Category V—the category specified in the plea agreement—and Mr. Rodriguez's attributable quantity would be subject to a lower range under current guidelines, then Mr. Rodriguez is eligible for resentencing within that range.

The court disagrees with Mr. Rodriguez, however, regarding the quantity of cocaine base that is properly attributable to him for purposes of calculating an amended guideline range. The defendant points out that the plea agreement did not specify a precise quantity of cocaine base. Instead, it specified a base offense level of 32, which, at the time, was applicable to offenses involving between 150 and 500 grams of cocaine base. The defendant asks the court to assume that the agreement contemplated a

3

quantity at the bottom of this 150 to 500 gram range, rather than the 288.5 grams suggested by the PSR.  The drug quantities detailed in the PSR, however, were specific amounts obtained by the government from four controlled transactions with Mr. Rodriguez and a search of Mr. Rodriguez.  Given the precise and concrete nature of this evidence, there is no reason to believe the plea agreement between Mr. Rodriguez and the government contemplated a quantity below 288.5 grams.

Nor is there reason to believe that this court, in deciding to accept the binding plea agreement, assumed a quantity below 288.5 grams.  Mr. Rodriguez points out that, at one point during the sentencing hearing, the court stated that "on three different occasions the defendant sold cocaine base in quantities that totaled about 170 grams."  Sentencing Tr. at 20.  This misstatement did not amount to a factual finding by the court regarding the total quantity of cocaine base attributable to Mr. Rodriguez.  Prior to making this statement, the court had already adopted—absent objection from the defendant—the factual findings of the PSR.  Id. at 3-4.  Those factual findings necessarily included the paragraphs addressing the quantities for which Mr. Rodriguez was responsible.  Accordingly, the court finds that Mr. Rodriguez's original sentence was "based on" a quantity of 288.5 grams and that any amended guideline calculation should assume the same quantity.

As the government points out, under today's guidelines, a quantity of 288.5 grams of cocaine base still yields a base offense level of 32 and, after reduction for acceptance of responsibility, a total adjusted offense level of 29.[2]  With an offense level

---

[2] Under current guidelines, a base offense level of 32 is applicable to offenses involving 280 to 840 grams of cocaine base.

of 29 and a Criminal History Category V, Mr. Rodriguez remains subject to a sentencing range of 140 to 175 months.

As noted above, the court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Because Mr. Rodriguez has already been sentenced to the minimum term of imprisonment available under the currently applicable guideline range, his Motion for Reduction of Sentence is denied.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 1st day of May, 2012.

    /s/ Janet C. Hall
Janet C. Hall
United States District Court